UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| TIMOTHY STEVEN BLACKBURN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0: 17-120-DCR |
| ) | |
| V. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Timothy Blackburn filed concurrent applications for Disability Insurance Benefits under Title II of the Social Security Act ("the Act") and Supplemental Security Income under Title XVI of the Act in July 2014. [*See* Administrative Transcript, "Tr." 233-241.] Administrative Law Judge ("ALJ") Maria Hodges denied his claims on November 10, 2016. [Tr. 7-20] The Appeals Council denied Blackburn's request for review and thus ALJ Hodges' decision became the final decision of the Commissioner of Social Security. Blackburn filed an appeal in this Court on November 1, 2017, alleging that the Commissioner's decision was not supported by substantial evidence. [Record No. 1]

Blackburn filed a motion to amend his Complaint and remand to the agency for rehearing before a different ALJ. [Record No. 19] This motion was filed shortly after the Commissioner moved for summary judgment [Record No. 18]. Relying on the United States Supreme Court's decision in *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), Blackburn seeks to add a claim that the Commissioner's decision was invalid because ALJ Hodges was an "Officer of the United States" who was not properly appointed under the Appointments Clause of Article

II of the United States Constitution. Because Blackburn forfeited this claim by failing to raise it at the administrative level, his motion to amend the Complaint will be denied as futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) (holding that leave to amend may be denied where the amendment would be futile).

*Lucia* involved an investment advisor's challenge to the procedure by which the Securities and Exchange Commission's five ALJs were appointed. The SEC had initiated an administrative proceeding against Lucia based on his alleged violation of securities laws. 138 S. Ct. at 2049. The SEC assigned an ALJ to Lucia's case who, after nine days of testimony and argument, issued an initial decision against him. On appeal *to the SEC*, Lucia argued that the SEC's ALJs are "Officers of the United States," and thus subject to the Appointments Clause. *Id.* at 2050. Lucia contended that, because the ALJ in his case was appointed by SEC staff rather than the President, a Court of Law, or a Head of Department, the ALJ lacked constitutional authority to perform his job. *Id.*

Noting that the SEC's ALJs exercised "nearly all the tools of federal trial judges," the Court determined that they were, indeed, Officers of the United States and subject to the Appointments Clause. *Id.* at 2053-55. Because the ALJ had not been appointed properly, Lucia was entitled to a new hearing before a properly-appointed official. *Id.* at 2055.

Notwithstanding the obvious differences between SEC ALJs and SSA ALJs, a salient feature sets Lucia's challenge apart from Blackburn's: timeliness. The Supreme Court noted that "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to relief." *Id.* (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). But the failure to raise a claim during the administrative process generally causes a plaintiff to forfeit his ability to raise the claim in federal court. *Maple v.*

*Afpel*, 14 F. App'x 525, 537 (6th Cir. 2001) ("This Court will not review the ALJ's decision with respect to issues not properly raised at the administrative level."). And it appears that every district court to have considered the issue has determined that plaintiffs are required to raise similar challenges at the administrative level. *See Garrison v. Berryhill*, No. 1: 17-CV-00302, 2018 WL 4924554 (W.D. N.C. Oct. 10, 2018) (Appointments-Clause challenge forfeited when not raised at administrative level); *Avila v. Berryhill*, No. EDCV 17-1440-JPR, 2018 WL 4770733 (C.D. Cal. Oct. 1, 2018) (same); *Davidson v. Comm'r of Soc. Sec.*, No. 2: 16-CV-00102, 2018 WL 4680327 (M.D. Tenn. Sept. 28, 2018) (same); *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984 (N.D. Iowa Sept. 14, 2018) (same).

While plaintiffs are not required to raise facial constitutional challenges before administrative bodies that could not entertain them, *Jones Bros., Inc. v. Sec. of Labor*, 898 F.3d 669 (6th Cir. 2018), Blackburn has not suggested that the statute providing for the appointment of Social Security ALJs *could not* be applied in a constitutional manner. *See* 5 U.S.C. § 3105 (The SSA may "appoint as many administrative law judges as are necessary for proceedings required to be conducted. . . ."). As-applied challenges like Blackburn's must be raised before the administrative agency, absent extraordinary circumstances excusing the failure to raise the issue. *See Jones*, 898 F.3d at 677-78 (citing *Freytag v. Comm'r*, 501 U.S. 868 (1991)). And here, Blackburn has not provided any reason for his failure to raise this challenge previously.

Accordingly, for the reasons outlined above, it is hereby

**ORDERED** that Plaintiff Blackburn's Motion to Amend Complaint and Remand [Record No. 19] is **DENIED**.

Dated: October 18, 2018.

